UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRANCE TAYLOR,

     Petitioner,

v.                                 CASE NO. 6:14-cv-1242-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 10). Petitioner filed a reply to the response (Doc. 13).

Petitioner alleges five claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

### I.    PROCEDURAL HISTORY

Petitioner was charged with one count of sale of cocaine (Doc. 11-1 at 78). The State filed a notice of intent to seek a habitual felony offender ("HFO") sentence. *Id.* at 84. After a jury trial, Petitioner was convicted as charged. *Id.* at 99. The trial court sentenced Petitioner to a twenty-year term of imprisonment as an HFO. *Id.* at 121-24. Petitioner

appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case (Doc. 11-2 at 163-74). On February 2, 2010, the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 179.

On August 16, 2010,[2] Petitioner file a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. Nos. 11-2 at 184-89; 11-3 at 1-8). Petitioner filed an amended Rule 3.850 motion on February 2, 2012 (Doc. 11-4 at 55-68). After filing a supplemental Rule 3.850 motion on May 1, 2012, the trial court summarily denied Petitioner's motions on May 6, 2013. *Id.* at 73-90. Petitioner appealed, and the Fifth DCA affirmed *per curiam* on August 20, 2013 (Doc. 11-5 at 28). Mandate issued on September 13, 2013. *Id.* at 30. Petitioner filed his federal habeas petition on July 28, 2014 (Doc. 1).

## II.    TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.    The limitation period shall run from the latest of --

(A)    the date on which the judgment became final by the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

consideration of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its *per curiam* affirmance on February 2, 2010. Petitioner's conviction became final ninety days later, or on May 3, 2010. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), Petitioner had through May 3, 2011, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed his Rule 3.850 motion on August 16, 2010. A total of 96 days of the one-year period elapsed before Petitioner filed this motion. The limitations period was tolled from August 16, 2010, through September 13, 2013, the date the mandate issued on appeal. Petitioner had 269

3

days remaining of the limitations period, or until June 9, 2014, to file his federal habeas petition. The petition, filed on July 28, 2014, is untimely filed.

Petitioner argues that one-year period should be tolled pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (Doc. 13 at 3). Petitioner's reliance on *Martinez* is misplaced. *Martinez* considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. The Eleventh Circuit has held that *Martinez* does not provide a basis for equitably tolling the AEDPA's statute of limitations. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946 (11th. Cir. 2014); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). Consequently, Petitioner is not entitled to equitable tolling on this basis. Petitioner's federal habeas petition is untimely filed and must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### III.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). To make such a showing, petitioner

4

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has failed to make such a showing. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Terrance Taylor (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment for Respondents and thereafter close this case.

3.      Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of January, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/4
Counsel of Record
Terrance Taylor